UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. ~ ~ ~ T. C~URT
L.~,, ~ ~ ~ N.H.
FILED

**United States of America**

2007 JUL 18  P 4: 52

vs.                                   Cr. No. 07-27-03-SM

**Vee Excel Drugs & Pharmaceuticals, Inc.**

### PLEA AGREEMENT

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by its attorney, Thomas P. Colantuono, United States Attorney for the District of New Hampshire, the defendant, Vee Excel Drugs & Pharmaceuticals, Inc. ("Vee Excel") and its attorneys, William Christie and David Vicinanzo, enter into the following Plea Agreement.

1. **The Plea and The Offense**.

The defendant, Vee Excel, agrees: a) to plead guilty to that part of the one Count Indictment, charging it with unlawfully conspiring to traffic in counterfeit goods and to violate the federal Food Drug and Cosmetic Act by introducing misbranded drugs into interstate commerce; b) to forfeit the assets as set forth below at paragraph 11; and, c) that it will refrain from engaging in the sale and or distribution of any pharmaceuticals, drugs, dietary supplements, or herbal medicines or drugs in the United States unless and until it complies with any and all applicable Food and Drug Administration regulations.

In exchange, the government agrees that at the time the corporate defendant's executed Plea Agreement is filed with the

Court it will move to dismiss the pending charges against the two individual co-defendants.

2. **The Statutes and Elements of the Offense**.

Title 18 United States Code, Sections 371, provides, in pertinent part:

> [i]f two or more persons conspire ... to commit an offense against the United States, ..., and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.

The defendant understands that the offense to which it is pleading guilty has the following elements, each of which the government would have to prove beyond a reasonable doubt at trial:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two persons to achieve at least one of the objects of the conspiracy; in this case to traffic and attempt to traffic in counterfeit goods in violation of Title 18, United States Code, Section 2320(a) <u>and</u> to violate the Federal Food, Drug, and Cosmetic Act, namely, with the intent to mislead, that is to cause the introduction and delivery for introduction of

-2-

prescription drugs into interstate commerce of the United States that are misbranded, in violation of Title 21, United States Code, Section 331(a), 352(a), and 333(a)(2); and,

Second, that the corporate entity, acting through at least one individual with the requisite knowledge, or through the collective knowledge of several individuals (see *United States v. Bank of New England*, 8__ F.2d ___, ___ (1987) who had the authority to act on behalf of the corporate entity, willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act in an effort to further at least one of the purposes of the conspiracy.

[FEDCRIM-JI1 § 4.03; Pattern Crim. Jury Instr. 1st Cir. § 4.03]

Title 18, United States Code, Section 2320(a) states in pertinent part:

> [w]hoever intentionally traffics or attempts to traffic in goods or services knowingly uses a counterfeit mark on or in connection with such goods ... if a person other than an individual shall be fined not more than $15,000,000.

The elements of the offense for 18 U.S.C. § 2320(a) are:

First, that the defendant trafficked, or attempted to traffic, in goods;

Second, that such trafficking, or attempt to traffic, was intentional;

Third, that the defendant knowingly used a counterfeit mark on or in connection with the goods in which the defendant trafficked, or attempted to traffic; and

Fourth, that the use of the counterfeit marks was likely to cause confusion, to cause mistake, or to deceive.

Title 21, United States Code, Sections 331(a), 352(a) & 333(a)(2), state, respectively, in pertinent part:

"§ 331. Prohibited acts--[t]he following acts and the causing thereof are prohibited:  (a) The introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded."  21 U.S.C. 331(a);

"§ 352. Misbranded drugs and devices

A drug or device shall be deemed to be misbranded--

(a) False or misleading label

If its labeling is false or misleading in any particular. ... ."  21 U.S.C. § 352(a);

"§ 333. Penalties

(a) Violation of section 331 of this title; second

violation; intent to defraud or mislead

(1) Any person who violates a provision of section 331 of this title shall be imprisoned for not more than one year or fined not more than $1,000, or both.

(2) Notwithstanding the provisions of paragraph (1) of this section, if any person commits such a violation after a conviction of him under this section has become

final, or commits such a violation with the intent to defraud or mislead, such person shall be imprisoned for not more than three years or fined not more than $10,000, or both." 21 U.S.C. § 333(a).

The elements of the offense for 21 U.S.C. §§ 331(a), 352(a) & 333(a)(2) are:

First, that the defendant introduced into interstate commerce a drug;

Second, that the drug was misbranded, specifically that it was labeled falsely;

Third, that the defendant acted with the intent to mislead. 21 U.S.C. §§ 331(a), 352(a) & 333(a)(2).

### 3. **Penalties**.

The defendant understands that the penalties for this offense are:

A.  A maximum fine of $500,000 (18 U.S.C. § 3571(c)(3); and

B.  A mandatory special assessment of $400, which the defendant agrees to pay at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(B))

### 4. **Sentencing and Application of the Sentencing Guidelines**.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that the defendant has no right to withdraw the defendant's guilty plea if the

defendant's sentence is other than the defendant anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

A. advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B. respond to questions from the Court;

C. correct any inaccuracies in the pre-sentence report;

D. respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

### 5. Stipulations and Other Agreements.

The United States and the defendant stipulate, in a non-binding way, to the following facts:

The government agrees that the defendant has tendered an early acceptance of responsibility for the criminal conduct in this case.

Counsel for the defendant has advised that the total assets of the defendant are contained in Citizens' Bank account #33308033285.

Counsel for the defendant has advised government counsel that the defendant corporation is defunct. Assuming that to be the case, neither probation nor continuing court-ordered supervision of any kind after sentencing would be necessary or effective.

The illegal shipments by the defendant of counterfeit drugs into the United States, which form the basis of the Indictment, were shipped to a federal undercover Agent and therefore no such counterfeit drugs were introduced into the stream of commerce. Consequently, there are no private parties suffering a loss and hence it appears that no restitution is required or appropriate.

The defendant understands that the Court is not bound by the foregoing stipulations, but will determine the facts relevant to sentencing.

The defendant understands that if the Court does not accept all, or any, of the foregoing agreement, such acceptance, or rejection, by the Court will not be a basis for the defendant to withdraw its plea of guilty.

**6. Waiver of Trial Rights and Consequences of Plea.**

The defendant understands that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant. The defendant understands that the defendant has the right:

A. to plead not guilty or to maintain that plea if it has already been made;

B. to be tried by a jury and, at that trial, the right to the assistance of counsel;

C. to confront and cross-examine witnesses against the defendant; and

D. to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant understands that by pleading guilty the defendant waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

The defendant understands that if the defendant pleads guilty, the Court may ask the defendant's representative questions about the offense, and if the defendant's representative answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's representative's answers may later be used against the defendant in a prosecution for perjury or making false statements.

**7. Acknowledgment of Guilt; Voluntariness of Plea.**

The defendant acknowledges that the defendant:

A. is entering into this Plea Agreement and is pleading guilty freely and voluntarily because the defendant is guilty;

- B.  is entering into this Plea Agreement without reliance upon any discussions with the United States and without promise of benefit of any kind except as described in this Plea Agreement;
- C.  is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;
- D.  understands of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law; and
- E.  is completely satisfied with the representation and advice received from the defendant's undersigned attorney.

**8. Scope of Agreement.**

The defendant acknowledges and understands that this Plea Agreement is limited to the undersigned parties and corporate affiliates of the defendant and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to the defendant by the United States Attorney with respect to any civil or administrative consequences that may result from the defendant's plea of guilty, because such matters are solely within the discretion of the specific administrative or government agency involved.  Finally, the defendant acknowledges that this Plea Agreement has been reached without regard to any

civil tax matters that may be pending or which may arise involving the defendant.

### 9. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of New Hampshire as a result of the defendant's participation in the conduct which forms the basis of the Indictment in this case. The defendant understands that if, before sentencing, the defendant violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw from it.

### 10. Waivers.

#### A. Appeal and Collateral Review.

The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's plea should be set aside, or the defendant's sentence be set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255 or § 2241).

By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any right to appeal or to

collaterally challenge:

1. The defendant's guilty plea and any other aspect of defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

2. The imposition by the Court of a sentence which does not exceed the sentence recommended by the United States, even if the Court rejects one or more positions advocated by the U.S. Attorney or defendant with regard to the application of the advisory Sentencing Guidelines.

The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Plea Agreement which are held by the First Circuit or Supreme Court to have retroactive effect. The defendant's waiver of the right to collateral review does not extend to claims that the plea was unknowing or involuntary or to claims that the defendant received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

This Plea Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal

rights.

B.   **Freedom of Information and Privacy Acts.**

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

**11.   Forfeiture of Assets.**

The defendant agrees to immediately and voluntarily forfeit to the United States the properties listed in the Indictment, specifically, all funds in Citizen's Bank Account #3308033285 in the name of defendant Vee Excel Drugs & Pharmaceuticals, Inc., and this agreement as subject to forfeiture as a result of the offenses charged in the Indictment, pursuant to the provisions of 18 U.S.C. § 982 and 21 U.S.C. § 853:

Defendant warrants that it has an interest in the properties listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of properties covered by this agreement.

The defendant agrees to take whatever steps are necessary to pass clear title to the assets listed above to the United States.

These steps include, but are not limited to, consent to sale, surrender of title, entry of preliminary and final orders of forfeiture, and signing of any other documentation necessary to effectuate transfer to the United States of the forfeited assets.

The defendant agrees and consents to the forfeiture of assets pursuant to any criminal, civil and/or administrative forfeiture action brought to forfeit these properties.

The defendant waives all constitutional and statutory challenges (including direct appeal, habeas corpus or any other means) to any forfeiture carried out by this agreement on any ground, including that the forfeiture constitutes an excessive fine or punishment.

The defendant agrees to testify truthfully in any proceeding which may arise from third party claims to any of the assets listed for forfeiture in this agreement.

The defendant consents to the entry of orders of forfeiture for the above-listed properties and waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) with regard to specifying the statutory basis for forfeiture in the charging instrument, announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment.  The defendant acknowledges that the above-described forfeiture is part of the sentence to be imposed in this case, and waives any failure by the Court to advise it of this, pursuant to Fed. R. Crim. P. 11(b)(J).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## 12. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into with the United States Attorney other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

## 13. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and its attorney and until signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

**14.  Agreement Provisions Not Severable.**

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

> THOMAS P. COLANTUONO
> United States Attorney

July 18, 2007

By: _____
Arnold H. Huftalen
Assistant U. S. Attorney
N.H. Bar No. 1215
U. S. Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
arnold.huftalen@usdoj.gov

We, the undersigned counsel for the defendant, Vee Excel Drugs & Pharmaceuticals, Inc., have been authorized by the corporation to bind the corporation in this matter and we have read this 15-page Plea Agreement. We fully understand and, on behalf on behalf of the corporation, accept the terms thereof. A copy of a corporate resolution empowering us to sign on behalf of and to bind the corporation in this matter will be filed with the Court prior to the entry of the Plea of Guilty.

July 18, 2007

_____
William Christie
Shaheen & Gordon

_____
David A. Vicinanzo
Nixon Peabody LLP